[Civ. No. 9590. First Appellate District, Division Two.—January 23, 1935.]

K. SUGAYA, Respondent, v. A. W. MORTON, Appellant.

Hadsell, Sweet, Ingalls & Lamb for Appellant.

James F. Brennan for Respondent.

SPENCE, J.—Plaintiff brought this action seeking to recover damages for alleged malpractice. Upon a trial by jury, plaintiff had judgment for the sum of $4,000, from which judgment defendant appeals.

Appellant's main contention challenges the sufficiency of the evidence to support the judgment. The point raised requires the solution of the question of whether the evidence was sufficient to prove that a needle, which was found in respondent's psoas muscle, entered the abdomen of respondent during an operation performed for the purpose of removing respondent's appendix. There was no direct evidence to prove this fact, and we shall therefore briefly state the indirect evidence on this subject.

Respondent was a patient of Dr. Nakamura. He was suffering from abdominal trouble. Dr. Nakamura suspected appendicitis and, as said doctor was not engaging in surgery, he took his patient to appellant. Tests indicated that the appendix had exploded and appellant advised an immediate operation. The operation was performed on April 13, 1932. Athough Dr. Nakamura was present and performed certain small services at appellant's request, appellant was the chief surgeon and conceded that he was "solely responsible for the performance of the incision and sewing up". It was found that the appendix had exploded and

after the operation, a drain was left in the lower portion of the incision to permit drainage from the infected area. A gauze was then placed over the wound. Respondent was then moved to his room in the hospital where he remained for twelve or fourteen days. Appellant attended him during the critical period following the operation and thereafter Dr. Nakamura handled the case exclusively, making the necessary changes in the bandages. Respondent ultimately returned to his work, but prior to August 1, 1932, he suffered from a sharp pain in his abdomen. He consulted Dr. Kitagawa. After some days of observation, Dr. Kitagawa took X-rays which showed a needle in the abdomen. Said doctor called in Dr. Jones, a surgical consultant, and on August 17th Dr. Jones operated and removed the needle from the psoas muscle. The needle was a straight needle between 2½ and 3 inches in length. It was the type of needle which might be used either for the purpose of surgical operations or for the purpose of ordinary sewing.

The negligence charged was that appellant "negligently and carelessly left an operating and surgical needle in the wound and opening". While none of the medical witnesses ventured any definite opinion as to how this particular needle had come into respondent's abdomen, it was suggested by one of appellant's witnesses that it might have come there either (1) through swallowing the same or (2) during the operation or (3) during the subsequent treatment by Dr. Nakamura. Respondent testified that he had not swallowed the needle and that he had had no previous operation. Dr. Nakamura testified that he used no needle in the subsequent treatment. On behalf of appellant, the testimony showed that while such needles were carried on the tray by the nurse during the operation, curved needles and not straight needles were used by appellant in this particular operation. Assuming all of this testimony to be true, then the needle must have come into the abdomen of respondent through inadvertence and without any actual knowledge on the part of any of the persons mentioned.

Appellant contends that the implied finding of the jury rests upon speculation and conjecture and therefore cannot be sustained. In this connection appellant cites and relies upon *Wilbur* v. *Emergency Hospital Assn.*, 27 Cal. App.

751 [151 Pac. 155], but the facts in that case are not analogous and the decision in that case is not determinative of the question before us. Here it appeared that, so far as the knowledge of the witnesses was concerned, the only time that needles similar to the one in question were in close proximity to the abdomen of respondent was during the operation. Under the evidence the jury could properly conclude that it was more probable that the needle entered the abdomen through inadvertence during the operation and while the wound was fully open than at any time before or after. We therefore believe that the jury's implied finding was sustained.

It is conceded by appellant that if the evidence was sufficient to sustain the implied finding that the needle entered respondent's abdomen by reason of some act or omission on the part of appellant during the operation, then the doctrine of *res ipsa loquitur* was applicable. The court instructed the jury on this doctrine and appellant takes exception to the wording of certain instructions on this subject and certain other subjects. Appellant further claims error in the admission of certain evidence. We have examined the several contentions of appellant in the light of the evidence appearing in the record and the issues between the parties in the trial court. It appears that during the trial the parties treated the issue of whether the needle entered the abdomen of respondent during the operation as the paramount issue and practically the only issue in the case other than the issue of the amount of damage sustained. This issue was determined adversely to appellant upon sufficient evidence and we find no prejudicial error in the instructions given or in the rulings upon evidence.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 21, 1935.